# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN T. HAYNES,<br>CDCR #J-69292,<br><br>                     Plaintiff,<br><br>   v.<br><br>JUAREZ; A. AGUIRRE; H. ASBURY;<br>A. SHEPARD; P. BRACAMONTE; M.<br>BELMARES; TORRES,<br><br>                   Defendants. | Case No.: 19-cv-2380-BAS-MSB<br><br>**ORDER:**<br><br>**(1)** *SUA SPONTE* **DISMISSING DEFENDANTS JUAREZ, AGUIRRE, BRACAMONTE, AND BELMARES; AND**<br><br>**(2)** **DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE OF THE COMPLAINT UPON DEFENDANTS ASBURY, SHEPARD, AND TORRES** |

On December 11, 2019, Herman Haynes ("Plaintiff"), currently housed at Mule Creek State Prison located in Ione, California, filed a civil complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.).

The Court granted Plaintiff leave to proceed IFP and dismissed Plaintiff's Fourteenth Amendment claims and all claims against Defendants Juarez, Aguirre, Bracamonte, and Belmares for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 3 at 9–10.) However, the Court found that the Eighth Amendment claims as to Defendants Asbury, Shepard, and Torres survived the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*Id.* at 8.) The Court gave Plaintiff the option to file a First Amended Complaint to cure the problems the Court found in Plaintiff's pleading,

or to proceed with his Complaint as to his Eighth Amendment claims only and have the Court direct the United States Marshals Service ("USMS") to effect service upon Defendants Asbury, Shepard, and Torres. (*Id.*)

On March 9, 2020, Plaintiff filed a notice with the Court that he "agrees with the Court's dismissing all Fourteenth Amendment claims" and "also agrees with the Court in dismissing [Defendants Juarez, Aguirre, Bracamonte, and Belmares]." (ECF No. 4) Therefore, the Court will order the USMS to effect service of Plaintiff's Complaint on Defendants Asbury, Shepard, and Torres only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Accordingly, the Court:

1) **DISMISSES** Plaintiff's Fourteenth Amendment claims for the reasons set forth in the Court's February 12, 2020 Order.

2) **DISMISSES** all claims against Defendants Juarez, Aguirre, Bracamonte, and Belmares for the reasons set forth in the Court's February 12, 2020 Order.

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the February 12, 2020 Order granting Plaintiff IFP status, a certified copy of his Complaint, and the summons so that he may serve Defendants Asbury, Shepard, and Torres. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, **<u>include an address where each named Defendant may be served</u>**, *see* CivLR 4.1.c, and return them to the USMS according to the instructions the Clerk provides in the letter accompanying his IFP package;

4) **ORDERS** the USMS to serve a copy of the Complaint and summons upon Defendants Asbury, Shepard, and Torres as directed by Plaintiff on the USM Form 285

2

provided to him. All costs of that service will be advanced by the United States, per 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3); and

5)     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service.  *See* CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**