|    |                                                      |                                              |
|----|------------------------------------------------------|----------------------------------------------|
| 1  |                                                      |                                              |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HERMAN HAYNES, | Case No.: 19cv02380-BAS (MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| H. ASBURY, et al., | **[ECF No. 25]** |
| Defendants. | |

On January 7, 2021, Plaintiff Herman Haynes ("Plaintiff") submitted "Plaintiff Request for Appointed Counsel" ("Motion for Appointment of Counsel"), which the Court accepted on discrepancy on January 11, 2021.  (See ECF Nos. 24 and 25.)  Plaintiff requests counsel "to assist with the remainder of the case." (ECF No. 25.)  Plaintiff's sole argument in support of his request is that, as a result of COVID-19, he currently has "minimum to no access to the Law Library at the Facility due to constant lockdowns and unit quarantines for exposure precautions." (Id.)

**I.      RELEVANT BACKGROUND**

Plaintiff, a California prisoner proceeding pro se and in forma pauperis, filed this civil rights case alleging violations of the Eighth and Fourteenth Amendments against prison officials at Richard J. Donovan Correctional Facility in San Diego, California.  (See ECF No. 1 at 1.)  The District Court screened Plaintiff's allegations and allowed only

Plaintiff's Eighth Amendment claim against defendants Asbury, Shepard, and Torres ("Defendants") to proceed.  (See ECF No. 3 at 6, 8.)  Plaintiff's surviving claim arises from Defendants' alleged failure to protect Plaintiff from imminent harm after Plaintiff had informed them of threats to his physical safety before he was attacked by other inmates.  (See ECF No. 1 at 4-5, 8.)  Defendants filed an Answer[ECF No. 22] in this case on January 4, 2021 and the Court will hold a Telephonic Case Management Conference on February 8, 2021.  (See ECF No. 23.)

## II.     LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981).  Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983.  Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Courts must review both of these factors before deciding whether to appoint counsel, and neither factor is individually dispositive.  Id.

## II.     ANALYSIS

**A.     Likelihood of Success on the Merits**

A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the Wilborn test.  See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first Wilborn factor).  The

Court notes that Plaintiff has not presented evidence regarding the likelihood of his success on the merits of his remaining claims for Failure to Protect in violation of the Eight Amendment.  (See ECF No. 3.)  Though the allegations Plaintiff raised in his complaint regarding his remaining claims are sufficient to state a claim for relief (see ECF Nos. 1 and 3), it is premature for the Court to determine the strength of his claim.  See, e.g., Garcia v. Smith, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment); Arellano v. Blahnik, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion for appointment of counsel because "[a]lthough plaintiff's [ ] claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits.").  Therefore, Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his motion for appointment of counsel.

### B.     Plaintiff's Ability to Articulate his Claims Pro Se

Where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second Wilborn factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively").  The Court has reviewed all of the documents filed by Plaintiff in this case including the Complaint [ECF No. 1], Motion to Proceed in Forma Pauperis [ECF No. 2], response with intention to proceed with Eighth Amendment claim [ECF No. 4], Notice of Change of Address [ECF No. 8], Motion for Extension of Time to Show Cause [ECF No. 10], and the instant Motion for Appointment of Counsel [ECF No. 25].  While the Court notes that the litigation to date has not been extensive, these documents demonstrate that Plaintiff is able to articulate his claims

and navigate civil procedure without legal assistance, and has done so while facing the pandemic-related challenges he complains of.

Furthermore, while the Court is sympathetic to the very real difficulties Plaintiff is likely experiencing due to the COVID-19 pandemic, minimal to no access to the law library does not establish exceptional circumstances. Lacking legal expertise is the norm rather than an exceptional circumstance in pro se civil rights cases. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education). Courts in this circuit have declined to find that challenges presented by the COVID-19 pandemic establish exceptional circumstances. See, e.g., Pitts v. Washington, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); Faultry v. Saechao, No. 18cv1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. . . . The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

Thus, because Plaintiff appears able to articulate his claim and his limited access to the law library amid the COVID-19 pandemic does not establish exceptional circumstances, the second factor that might support the appointment of counsel is not met.

### III.  CONCLUSION AND ORDER

Viewing the Wilborn factors together, Plaintiff has not shown that he enjoys a likelihood of success on the merits or that he is unable to articulate his claims and litigate his case without the assistance of an attorney. The Court finds Plaintiff has not

established exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and **DENIES** Plaintiff's Motion for Appointment of Counsel **without prejudice**.  The court will consider the impact of current conditions in the prison when scheduling this case.

    **IT IS SO ORDERED.**

Dated: January 19, 2021

Honorable Michael S. Berg
United States Magistrate Judge