# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN T. HAYNES,<br><br>                  Plaintiff,<br><br>  v.<br><br>H. ASBURY, *et al.*,<br><br>                  Defendants. | Case No. 19-cv-2380-BAS-MSB<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS (ECF No. 55)** |

      Before the Court is the parties' joint motion to dismiss this prisoner civil rights action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2) (*see* Compl., ECF No.1). (Mot., ECF No. 55.) On November 3, 2021, the parties resolved this matter by settlement, the terms of which were placed on the record during a settlement conference before the Honorable Michael S. Berg, United States Magistrate Judge. (ECF No. 54.) In compliance with Judge Berg's directives, the parties filed their joint motion on January 10, 2022, seeking to dismiss with prejudice this entire action. (Mot.)

      "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, or on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]"

*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 275 (9th Cir. 1980) and *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 236 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Because Defendants do not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal with prejudice of this action, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** this matter in its entirety. (ECF No. 55.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

**DATED: January 12, 2022**

Hon. Cynthia Bashant
United States District Judge